UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-10165 ABC (PJWx) | Date | January 24, 2013 |
|---|---|---|---|

| Title | Canon Business Solutions, Inc., et al., v. ASAP Copy and Print, et al. |
|---|---|

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**  ORDER REMANDING Case for Lack of Subject-Matter Jurisdiction (In Chambers)

On November 28, 2012, self-identified Defendants Ali Tazhibi dba ASAP Copy & Print ("ASAP") and Nina Ringgold,[1] removed this case from Los Angeles County Superior Court pursuant to 28 U.S.C. § 1443. (Docket No. 1.) On December 17, 2012, the Court ordered Defendants to show cause why this case should not be remanded for lack of subject-matter jurisdiction, giving Defendants until December 27, 2012 to file a response. (Docket No. 14 ("OSC").) The Court warned Defendants that the "failure to timely respond to this Order will result in remand of this case without further notice to the parties."

Defendants belatedly responded to the Court's OSC on January 2, 2013 by filing a document entitled "Application for Leave to File Response to Order to Show Cause dated December 17, 2012; and Response to Order to Show Cause." (Docket No. 15.) Plaintiffs objected to Defendants' late filing (Docket Nos. 16, 18), and Plaintiff Canon Financial Services, Inc. ("CFS") substantively responded to Defendants' contentions on January 3, 2013, as required by the OSC (Docket No. 16).

Then Defendants filed additional documents, even though the deadlines set by the Court had expired. For example, on January 5, Defendants filed a host of exhibits in support of their response. (Docket Nos. 20–28.) On the same date, Defendants filed a "Further Response and Request re Order to Show Cause dated December 17, 2012, and Request for Accommodation for Disability," accompanied by documents sought to be filed under seal containing medical information about Defendant Nina Ringgold. (Docket Nos. 29–30.) In this filing, Defendants seem to be requesting that the Court accept their belated response to the OSC and grant leave to file an additional reply brief. Plaintiffs objected to

---

[1] For the sake of clarity, the Court refers to these parties as "defendants" because they listed themselves as defendants on their notice of removal. (Docket No. 1.) However, as discussed infra, in the removed state-court action, ASAP was a plaintiff who sued Cannon Business Solutions and General Electric Capital Corporation ("GECC"), although GECC cross-claimed against it. (Notice of Removal, Ex. 1.) Ms. Ringgold was not a party at all in the state-court action, although she was subject to sanctions as attorney for ASAP.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-10165 ABC (PJWx) | Date | January 24, 2013 |
|---|---|---|---|

| Title | Canon Business Solutions, Inc., et al., v. ASAP Copy and Print, et al. |
|---|---|

Defendants' request on January 7 and Defendants responded to those objections on January 8.

Preliminarily, the Court accepts Defendants' late response to the OSC and has considered it on the merits. The Court DENIES Defendants' request to file another brief in response to Plaintiffs' reply brief and DENIES Plaintiffs' request for further time to reply to Defendants' response because further briefing is unnecessary. The Court also DENIES Defendants' request to file documents under seal and ORDERS the Court Clerk to return those documents to Ms. Ringgold. (Docket No. 29.) Because the removal in this case is patently frivolous, the Court REMANDS this case.

The genesis of this case was the acquisition of a copier by state-court plaintiff ASAP from state-court defendant Canon Business Solutions, Inc. ("CBS"), financed through state-court defendant CFS. CFS later assigned the lease to state-court defendant GECC, which demanded $19,000 on the unpaid lease about two years after the assignment. ASAP retained attorney Nina Ringgold, who filed an action in Superior Court for contract and tort claims against GECC, CBS, and CFS. In that case, the court dismissed Fourth Amended Complaint, struck a Fifth Amended Complaint, and dismissed the First Amended Cross-Complaint and sanctioned Ms. Ringgold and ASAP $21,287.37 and awarded a total of $288,600.93 in attorney's fees and costs to the state-court defendants. ASAP filed two appeals, and the Court of Appeal affirmed (with one minor modification), and the California Supreme Court denied review. While those appeals were pending, Ms. Ringgold was again sanctioned $3,230.50 by the Superior Court for litigation misconduct. She filed an appeal of that order, and on the day before oral argument, she removed the appeal and the superior court case to this Court.

Ms. Ringgold's actions in this case follow a familiar pattern. For example, the California Court of Appeal has declared her a vexatious litigant after she filed numerous frivolous appeals and writs in connection with a probate case in Superior Court. See, e.g., Sankary v. Ringgold, No. B210169, 2009 WL 386969 (Cal. Ct. App. Feb. 18, 2009) (unpublished disposition). In connection with the same probate case, Ms. Ringgold filed two actions in this Court against, inter alia, the Los Angeles Superior Court, the California Court of Appeal, and the California Attorney General, prompting Judge Real also to declare her a vexatious litigant. Justin Ringgold-Lockhart v. Cnty. of Los Angeles, No. CV 11-1725 R (filed Feb. 28, 2011) (Docket No. 122.) Ms. Ringgold then filed a similar action in the Eastern District of California, which was dismissed on January 23, 2013; that court also imposed sanctions of $9,520. Nina Ringgold v. Jerry Brown, No. CV 12-0717 JAM (JFM) (E.D. Cal., dismissed Jan. 23, 2013) (Docket No. 65.) Plaintiffs believe there are at least six appeals pending in the Ninth Circuit from these cases.

In the present case, Ms. Ringgold and ASAP are attempting to remove this case pursuant to 28 U.S.C. § 1443(1) and (2). Ms. Ringgold has cited § 1443 to remove at least six cases to this Court, and each of those cases has been remanded. See In re Hartford Litig. Cases, No. CV 12-10434 PA (remanded Dec. 13, 2012); Thomas McCullough Jr. v. Nathalee Evans, No. CV 12-10303 MWF (remanded Dec. 20, 2012); Dorian Carter v. Tracy Sheen, No. CV 12-10300 PA (remanded Dec. 10, 2012); Myer Sankary v. Justin Ringgold-Lockhart, No CV 12-10168 R (remanded Jan. 4, 2013, with $5,000 in sanctions); Myer Sankary v. Nina Ringgold, No. CV 12-8905 R (remanded Dec. 17, 2012); In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** JS - 6

| Case No. | CV 12-10165 ABC (PJWx) | Date | January 24, 2013 |
|---|---|---|---|
| Title | Canon Business Solutions, Inc., et al., v. ASAP Copy and Print, et al. | | |

re Estate of Eugenia M. Ringgold, No. CV 12-8433 MWF (remanded Dec. 20, 2012).

As with Ms. Ringgold's numerous other cases, the removal of this case was procedurally improper and without a jurisdictional basis. First, under §§ 1441(a) and 1443, a case may be removed only by the defendant in the state-court action. ASAP was clearly a plaintiff in the state-court action and Ms. Ringgold was not a party at all in the state-court action, although she was sanctioned as ASAP's attorney. Although GECC filed a cross-complaint against ASAP, it obtained no relief and Ms. Ringgold and ASAP do not purport to remove that claim to this Court. On this basis alone remand is proper.

Second, under § 1446(b)(3), when a case is not initially removable, it may be removed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable." Ms. Ringgold rests the notice of removal on a motion by CFS for "Determination of Amount of Attorneys' Fees Award Against Plaintiff after Remittur of Appeal." (Not. of Removal, Ex. 11.) But the fees sought in that motion were for the appeal of the initial award of sanctions and contractual attorney's fees imposed in June and July of 2010, over 26 months prior to the filing of the notice of removal. Nothing in that routine motion for post-appeal fees suggests a new ground for possible removal. Notably, the notice of removal was filed one day before oral argument in Ms. Ringgold's most recent appeal in the state-court action, strongly suggesting it was intended for delay. Thus, the notice of removal was untimely.

Beyond these procedural flaws, Defendants have not shown that § 1443(1) or (2) creates removal jurisdiction in this case. Those subsections provide that a case may be removed from state court if it is brought "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

For jurisdiction to lie under subsection (1), Defendants must assert (a) "'as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights,'" and (2) "'that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.'" Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006). Assuming Defendants could allege the first prong, Defendants have not alleged the second prong because they have not alleged either that state courts refuse to enforce their rights or that a state provision commands the state courts to do so.

Similarly, subsection (2) is available only to federal or state officers and to "persons assisting such officers in the performance of their official duties." City of Greenwood v. Peacock, 384 U.S. 808, 815, 824 n.22 (1966). Defendants are not federal or state officers nor have they assisted any officers, so removal cannot be based on this provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 12-10165 ABC (PJWx) | Date | January 24, 2013 |
|---|---|---|---|
| Title | Canon Business Solutions, Inc., et al., v. ASAP Copy and Print, et al. | | |

    As a result, the Court REMANDS this case to Los Angeles Superior Court, North Valley District, Chatsworth Courthouse, 9425 Penfield Ave., Chatsworth, CA 91311.

    **IT IS SO ORDERED.**

                                                                                                                                                                                       :

Initials of Preparer        AB